IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


DAVID F. KELLY BEY,                    :
                                       :
          Petitioner                   :
                                       :
     v.                                :     CIVIL NO. 3:CV-12-2005
                                       :
DANIEL S. KEEN,                        :     (Judge Conaboy)
                                       :
          Respondent                   :
_____

**MEMORANDUM**
**Background**

     David F. Kelly Bey, an inmate presently confined at the

Franklin County Prison, Chambersburg, Pennsylvania, filed this

pro se petition pursuant to 28 U.S.C. § 2254.  Named as

Respondent is Warden Daniel Keen of the Franklin County Prison.

Service of the Petition was previously ordered.

     The Petition states that Kelly Bey is seeking habeas

corpus relief with respect to the following seven (7) criminal

cases, 1642-01; 1643-01; 1644-01; 1645-01; 595-07; 1025-07; and

1026-07.  See Doc. 1, ¶ 1. Petitioner explains that on August 24,

2007 he entered a nolo contendere plea to those charges[1] in the

Franklin County, Pennsylvania Court of Common Pleas.  Kelly Bey

adds that he filed an unsuccessful direct appeal to both the

_____

     [1]  Kelly Bey describes the charges as being for resisting
arrest, receiving stolen property, escape; fleeing or attempting to
elude police, false identification, driving without a license, and
disorderly conduct.

1

Pennsylvania Superior Court and thereafter to the Pennsylvania Supreme Court. However, Petitioner acknowledges that he can't recall what claims were raised on direct appeal or the dates those appeals were denied.

Petitioner also asserts that he pursued a June 8, 2008 challenge to his <u>nolo</u> <u>contendre</u> plea pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[2] He maintains that this action which included multiple arguments including ineffective assistance of counsel is still pending before the Franklin County Court of Common Pleas. <u>See</u> <u>id</u>. at ¶ 11(a).

An earlier action filed by Petitioner with the Court of Common Pleas on June 26, 2007 which purportedly argued that the trial court lacked jurisdiction is likewise pending before the trial court. According to the Petition, Kelly Bey also filed a third action with the Court of Common Pleas on April 4, 2008 asserting lack of jurisdiction with respect to the convictions being challenged herein.

Presently pending is Respondent's motion to dismiss the petition for Kelly Bey's failure to satisfy the in custody requirement. <u>See</u> Doc. 9. The motion contends that as of the

_____

[2] The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." <u>Hankins v. Fulcomer</u>, 941 F.2d 246, 251 (3d Cir. 1991).

filing of this action, Petitioner "completed his sentences" in all of the criminal cases referenced in this matter. Id. at ¶ 3. Respondent's supporting brief similarly maintains that the sentences for all the docket numbers cited in Kelly Bey's pending Petition "have expired" and he "is not in custody on these cases." Doc. 10, p. 1. Petitioner has not responded to the motion or sought an enlargement of time in which to do so.

## Discussion

Pursuant to 28 U.S.C. § 2254(a), a habeas petitioner must make a showing that he is "in custody pursuant to the judgment of a State Court." See also Carfas v. LaVallee, 391 U.S. 234, 238 (1968)(a habeas petitioner must be in custody under the conviction or sentence under attack at the time his petition is submitted). In Maleng v. Cook, 490 U.S. 488 (1989)(per curiam), the United States Supreme Court addressed a challenge to a state conviction by an applicant who had already completed service of his entire sentence. The Court held that § 2254(a)'s in custody requirement was satisfied because the challenged conviction was used to enhance a subsequently imposed sentence which the applicant had not yet begun to serve. See id. at 493. Consequently, the Court concluded that the habeas petition could be properly construed as a challenge to the subsequent sentence.

In Daniels v. United States, 532 U.S. 374 (2001), the Supreme Court established that a prior sentence used to enhance a

3

federal sentence is no longer open to collateral attack via a
motion under 28 U.S.C. § 2255.  In reaching that determination,
the Court stressed the need for finality of convictions and ease
of administration.

A subsequent Supreme Court ruling, Lackawanna County v.
Coss, 532 U.S. 394 (2001), addressed Coss' challenge to his 1986
state conviction which he was no longer serving.  Specifically,
Coss claimed that his 1986 conviction resulted from ineffective
assistance of counsel.  Coss was serving a 1990 sentence and he
contended that he could still challenge the 1986 sentence because
it had negatively impacted his 1990 sentence. The Supreme Court,
again noting the need for finality of convictions and ease of
administration, held that Coss did not qualify to have his § 2254
petition reviewed because the expired prior conviction did not
actually increase the length of his current sentence.

"[O]nce the sentence imposed for a conviction has
completely expired, the collateral consequences are not
themselves sufficient to render an individual 'in custody' for
the purposes of a habeas attack upon it." Maleng, 490 U.S. at
492.  As noted by the Supreme Court in Daniels, habeas corpus and
similar collateral remedies "are not available indefinitely and
without limitation." Daniels, 532 U.S at 375.   The Court in
Coss noted that "once a state conviction is no longer open to
direct or collateral attack in its own right because the
defendant failed to pursue those remedies (or because the
defendant did so unsuccessfully) the conviction may be regarded

4

as conclusively valid." <u>Coss</u>, 532 U.S. at 403. <u>See</u> <u>also</u> <u>Maleng</u>, 490 U.S. at 492 (federal habeas corpus relief should not be extended "where a habeas petitioner suffers no present restraint from a conviction.").

In the present case, Petitioner clearly acknowledges that he is challenging an August 24, 2007 Franklin County sentence of eighteen (18) to sixty (60) months. Based upon Petitioner's own description of the length of the maximum duration of his sentence, this Court agrees with Respondent's contention that Kelly Bey has completed service of the sentence which is the subject of this § 2254 action. Moreover, Respondent has submitted a copy of a letter dated July 19, 2012 which regards Kelly Bey's post conviction filings in the Franklin County Court of Common Pleas. Petitioner's letter concisely admits that the criminal cases which are the subject of his state petitions as well as this action should be disregarded "because I've already served the time on those sentence [sic] and is no longer in custody."[3]  Doc. 10-1, p. 6.

Based upon a careful review of Kelly Bey's pending habeas corpus petition Kelly Bey does not raise any allegation or claim that the sentence which he is presently serving was increased by

---

[3]  This letter also offers possible explanation that the Franklin County of Common Pleas has not acted on Petitioner's PCRA and post conviction matters based upon an assumption that those filing have been withdrawn.

his August 24, 2007 sentence.[4]  Moreover, there are simply no
facts presented which could support such a claim.

In conclusion, Respondent has submitted a written
admission by the Petitioner himself that the criminal sentence
being challenged in this action has expired.  Second, there has
been no showing made in this matter that this is a situation
where a habeas petitioner is seeking to challenge a current
sentence on the grounds that it was increased/enhanced by an
expired conviction and sentence.  Pursuant to the standards
announced in Maleng, Daniels, and Coss, Kelly Bey's present §
2254 petition, as stated, may not be entertained by this Court.
The petition for writ of habeas corpus will be dismissed.  An
appropriate Order will enter.[5]

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge


DATED: DECEMBER 6, 2012

---

[4]  This Court acknowledges that Petitioner recently filed a
§ 2254 petition on November 16, 2012 challenging an October 6, 2010
Franklin County sentence.  See Kelly Bey v. Keen, Civil No. 3:12-
CV-2283.  The dismissal of this matter has no bearing on that
filing.

[5]  In the event that Kelly Bey can show that the August 24,
2007 sentence which is the subject of this action was used to
increase/enhance the criminal sentence which he is presently
serving, he may file a motion for reconsideration within fourteen
(14) days of the date of this Memorandum and Order.